UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 23-10680

|  |  |
|---|---|
| JOSHUA MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| MILTON YACHT CLUB | ) |
| Defendant. | ) |

**DEFENDANT MILTON YACHT CLUB'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST IT**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Milton Yacht Club ("Defendant") respectfully moves this Court to dismiss Plaintiff Joshua Martin's ("Plaintiff") Complaint against Milton Yacht Club. This Court does not have subject matter jurisdiction over Plaintiff's claim. Plaintiff and Defendant are both domiciled in the Commonwealth of Massachusetts and therefore this Court does not have diversity jurisdiction over this claim. Furthermore, Plaintiff has failed to establish a federal question in his Complaint. As a result, the Court lacks subject matter jurisdiction over Plaintiff's claims. Even if the Court did have subject matter jurisdiction over Plaintiff's claims, which it does not, Plaintiff failed to state a claim upon which relief may be granted and Plaintiff's claims against Defendant should be dismissed.

**LEGAL STANDARD**

Rule 12(b)(1), provides for dismissal of an action for "lack of subject matter jurisdiction." See Fed. R. Civ. P. 12(b)(1). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Green v. Ameritrade,

2

Inc., 279 F.3d 590, 596 (8th Cir. 2002). A Rule 12 (b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack). *See* Grondal v. United States, 2012 U.S. Dist. LEXIS 19398, at *11-13 (Quakenbush, J.). For a facial attack, all allegations are accepted as true. Id. For a factual attack, evidence outside the pleadings needed to resolve factual disputes as to jurisdiction may be considered. *See* Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). Here, Defendant challenges the sufficiency of the Plaintiff's complaint both facially, as Plaintiff's does not establish federal question jurisdiction in his complaint, and factually, as Plaintiff's complaint lacks factual support for diversity jurisdiction as he does not and cannot establish such jurisdiction.

Rule 12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 547 (2007). In Rodriguez-Ramos, the court said that, in determining whether a plaintiff has met his pleading obligations, statements that "merely offer" 'legal conclusions[s] couched… as fact[ ]' or 'threadbare recitals of the elements of a cause of action'" must be disregarded. *See* Rodriguez-Ramos v. Hernandez-Gregorat, 685 F. 3d 34, 40 (1st Cir. 2012) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F. 3d 1, 12 (1st Cir. 2011)). The plaintiff must offer "more than labels and conclusions" and the factual allegations of the complaint must "possess enough heft" to allege a plausible entitlement to relief. *See* Twombly, 550

3

U.S. at 545, 557. Here, Plaintiff has not met his burden to state a claim upon which relief could be granted.

## ARGUMENT

**I.    THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S CLAIM AND THEREFORE, PLAINTIFF'S CLAIM SHOULD BE DISMISSED.**

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allopattah Servs., Inc., 545 U.S. 546, 552 (2005). The party invoking jurisdiction must allege facts that establish the court's subject-matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). If a federal court determines that it lacks subject-matter jurisdiction at any time during a dispute, the court must dismiss the action. See Fed. R. Civ. P. 12(h)(3).

**A.   Plaintiff's Claim Lacks Diversity Jurisdiction.**

Diversity jurisdiction exists when a lawsuit arises between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Here, in his complaint, Plaintiff did not allege facts that establish the court's subject-matter jurisdiction. Further, Plaintiff and Defendant are not diverse as a matter of law and therefore this Court lacks diversity jurisdiction over Plaintiff's claims. Specifically, Plaintiff is a citizen of Massachusetts with a domicile residence of 50 xxxxx Street Boston, MA 02115, and Defendant is a citizen of Massachusetts with a principal place of business at 25 Wharf Street Milton, MA 02187. Therefore, the Plaintiff and Defendant are not diverse in citizenship and this Court lacks diversity jurisdiction.

**B.   Plaintiff's Claim Lacks Federal Question Jurisdiction.**

If a dispute does not satisfy diversity jurisdiction, this Court may have jurisdiction if the Court has federal question jurisdiction. Federal courts have federal question jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States" 28. U.S.C. § 1331. If a plaintiff brings a claim under federal question jurisdiction, it is subject to the "well-pleaded complaint rule." To satisfy the well-pleaded complaint rule, the federal question must be "presented on the face" of the complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)

Here, Plaintiff has failed to raise or dispute a federal question on the face of his Complaint. Plaintiff alleges in the first line of his Complaint, "I, Joshua Martin, have been treated unfairly and inequitably by the Milton Yacht Club. I am filing this complaint of discrimination." Plaintiff further alleges in Paragraph 5 of his Complaint that Defendant has "acted unfairly and inequitably," "singled out Joshua Martin" and "disrespected him." Plaintiff fails to explain his basis for "filing this complaint of discrimination" and by simply alleging that he was "treated unfairly and inequitably" by the Defendant does not raise a federal question.

## II.   PLAINTIFF'S CLAIM SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM.

Even if this Court had subject matter jurisdiction over Plaintiff's claim, which it does not, these claims should be dismissed under Rule 12 (b)(6) for failure to state a claim. Plaintiff does not, because he cannot, allege any facts in support of his conclusory statement in the first line of his Complaint, "I, Joshua Martin, have been treated unfairly and inequitably by the Milton Yacht Club. I am filing this complaint of discrimination." *See* Rodriguez-Ramos, 685 F.3d at 40 (on motion to dismiss under Rule 12(b)(6), statements that "merely offer 'legal conclusion[s] couched … as fact[]' or 'threadbare

5

recitals of the elements of a cause of action'" must be disregarded) (quoting Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011)).

Here, Plaintiff offered no basis in his Complaint as to why he claims Defendant discriminated against him. Furthermore, Plaintiff merely offers the legal conclusion that he "is filing this Complaint for discrimination" because he claims to have been "treated unfairly and inequitably by the Milton Yacht Club." For a 12(b)(6) motion, "all well-pleaded allegations of material fact are accepted as true and construed in the light most favorable to the non-moving party." Padilla v. Yoo, 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. Associated Gen'l Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed.

Plaintiff's complaint is insufficient as Plaintiff merely offers conclusory allegations of law. Nowhere in his complaint does Plaintiff offer evidentiary facts, which, if true, would prove his claim for discrimination. Furthermore, Plaintiff admits that; 1) he was a member at Milton Yacht Club (*see Plaintiff's Complaint, Paragraph 5*); 2) he told Defendant that he "will not be paying any more fees or dues" in June, 2022, (*see Plaintiff's Complaint, Paragraph 4(iv)*); and 3) that he continued to fail to pay Defendant his fees or dues and his membership was terminated on September 16, 2022, (*see Plaintiff's Complaint, Paragraph 4(v)).* In his complaint, Plaintiff merely infers that he was discriminated against.

Accordingly, Plaintiff's discrimination claim that he was "treated unfairly and inequitably" should be dismissed as Plaintiff has merely offered legal conclusions in his Complaint and has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth herein, Milton Yacht Club respectfully requests that the court dismiss Plaintiff's claims against it.

Respectfully submitted,
MILTON YACHT CLUB,
By Its attorney,

_/s John McK. Pavlos_
John McK. Pavlos (BBO #641113)
LAW OFFICE OF JOHN PAVLOS
9 Canton Street
Randolph, MA 02368
(508) 930-6465

Dated: December 22, 2023

7

**CERTIFICATE OF SERVICE**

      I hereby certify that I sent the foregoing document to plaintiff via email on December 22, 2023 to:

Joshua Martin
50 XXXX
Boston, MA 02115
Email: herculon_forestry@hotmail.com

                */s John McK. Pavlos*
                John McK. Pavlos, Esq.